# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| JOSEPH MCCREY RAY § | | |
| (Limestone County # 8061) § | | |
| § | | |
| V. § | | W-22-CV-383-ADA |
| § | | |
| SHERIFF MURRAY AGNEW § | | |

## ORDER

Before the Court is Petitioner Joseph McCrey Ray's petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241. Mr. Ray is currently confined in the Limestone County Jail and alleges his confinement violates his rights under the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. (ECF No. 1.) On April 18, 2022, the Court ordered Ray to show cause why his petition should not be dismissed for failure to exhaust state court remedies. The Court also provided Ray with a 42 U.S.C. § 1983 complaint form based on allegations of food poisoning he raised in his habeas petition. (ECF No. 5.) Ray returned the § 1983 form to the Court, but rather than expanding on his food poisoning allegations, he used the form to complain further about his continued confinement in Limestone County Jail. (ECF No. 6.)

The Court then ordered Ray to show cause why this form should not be construed as a supplement to his original habeas petition, rather than a new civil-rights complaint. (ECF No. 10.) In response, Ray provides further details about the food-poisoning incident, but also explicitly states, "My intentions are to challenge the fact or duration of my confinement . . ." (ECF No. 14 at 5.)

In addition to these documents, Ray has filed a second copy of the § 1983 complaint form (ECF No. 13), copies of his bail bonds that were filed in Limestone County Court (ECF No. 15), and a document entitled "Witnesses to be Subpoena" (ECF No. 18.)

Based on these filings, the Court concludes that Ray does not intend to commence a separate § 1983 action and thus construes his April 26, 2022, pleading as a supplement to his original habeas corpus petition.

To warrant habeas relief under § 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for habeas claims under 28 U.S.C. § 2254(b), Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle, 530 F.2d 1280, 1284 (5th Cir. 1976)*. Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

A search of state records does not show any applications for state habeas corpus relief that Ray filed with the Texas Court of Criminal Appeals. Further, none of the documents Ray has submitted to this Court show that he has exhausted his state court remedies. Accordingly, because Petitioner has failed to exhaust his state court remedies, this petition is dismissed without prejudice.

## **CERTIFICATE OF APPEALABILITY**

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's § 2241 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

It is therefore **ORDERED** that Petitioner's federal habeas petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies; and

It is further **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 7th day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE